IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| JAMES CABBAGESTALK,<br>also known as<br>Shaheen Cabbagestalk,<br><br>Petitioner,<br><br>v.<br><br>WARDEN MICHAEL MCALL, JR.,<br><br>Respondent. | Civil Action No. 3:11-2665-SB-JRM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, James Cabbagestalk a/k/a/ "Shaheen" Cabbagestalk ("Cabbagestalk"), is an inmate with the South Carolina Department of Corrections serving a sentence of 18 years imprisonment for armed robbery. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 13, 2011. Respondent filed a return and motion for summary judgment on November 23, 2011. Because Cabbagestalk is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on November 28, 2011 explaining to him his responsibility to respond to the motion for summary judgment. Cabbagestalk filed his response to Respondent's motion on January 9, 2012. Respondent filed a supplemental brief on June 26, 2012.

## Background and Procedural History

Cabbagestalk was charged with armed robbery and assault and battery with intent to kill ("ABWIK") in Dillon County. He was represented by Glenn Manning, Esquire. During his jury trial, which began on August 27, 2007, Cabbagestalk pled guilty to armed robbery and the ABWIK charge was dismissed.

An Anders[1] brief was filed by the South Carolina Commission on Indigent Defense raising the following issue:

> Did the judge err in amending the indictment by changing the name from James Cabbagestalk to Shaheem Ramel Cabbagestalk?

Pursuant to state procedure, Cabbagestalk filed a *pro se* brief raising additional issues. The appeal was dismissed. *See* State v. Cabbagestalk, Unpubl.Op.No. 2009-UP-528 (Ct.App. filed Nov. 19, 2009). Cabbagestalk's motion for a rehearing was denied by the South Carolina Court of Appeals on January 21, 2010. The Remittitur was returned on February 25, 2010.

Cabbagestalk filed an application for post-conviction relief ("PCR") on March 9, 2010. At the time Respondent filed the motion for summary judgment, an evidentiary hearing had not been held. However, Respondent reports in his supplemental brief that the evidentiary hearing was held on May 15, 2012 and an order denying the PCR was issued on June 6, 2012. The undersigned assumes Cabbagestalk is pursuing an appeal of that order to the South Carolina Supreme Court.

## Grounds for Relief

In his present petition, Cabbagestalk asserts he is entitled to a writ of habeas corpus on the following grounds:

---

[1] Anders v. California, 386 U.S. 738 (1967).

**Ground One:**

I'm in need of the Untied States District Courts to inject into this PCR Action 2010-CP-17091 the state never disputed none of my allegations in my application as S.C. Rules of Civ. Proc. Rule 12 states ) no Return was done. Niether[sic] I, or David Paul Jordan, or Ms. Heather M. Cannon or the Dillon County Clerk of Court's got an return to PCR Application #2010-CP-17091 as stated if you pled guilty the state is to answer your application back in 60 days being a PCR is an civil action I filed a Notice of Rule 12 of Civil Procedure violation and a motion for default and a motion for summary Judgement Ms. Hyatt sent back the motion for summary judgement and motion for default which was never filed and my ineffective lawyer Mr. David Paul Jordan I never seen or ever heard from gave all my court paperwork to Ms. Heather M. Cannon When I feel was sent at me by the state attorney generals office she had no order on September 14th 2010 to be in court with me to represent me my David Paul Jordan was said (Not once but twice) by Ms. Cannon he don't practice law Niether[sic] Judge did anything about this Judge Thomas A. Russo on (Sept. 14th 2010) or Judge Seals on (Sept. 12th 2011) Law authorizes the Court to grant a motion for summary judgement by either party disposition of an application when it appears form the pleadings that there is no genuine issue of material fact and the moving party is entitled to judgement as a matter of law. This PCR application has been going on since March 9th 2010 at 4:08 pm it's clearly passed an year and violates orders of Chief Justice J. Woodrow Lewis Effective October 1st 1983 on Supreme Court ORDER, This is why I need an federal judges help to inject in to my case PCR Court's and pay close attention the head judge over courts of common pleas is Michael J. Baxley Chief Administrative.

**Ground Two:**

I've never been indicted until this very day the court's think they indicted me I'm not James Cabbagestalk that's my uncle he's still free But the got me locked up they indicted him and gave him 18 yrs for armed robbery but got me Shaheen Cabbagestalk doing his prison time[.]

> Supporting facts: Indictment #07-GS-17-0364 Armed Robbery Indictment for James Cabbagestalk, sentenceing[sic] sheet for James Cabbagestalk, Appellant Attorney letter on April 27, 2009 to me Ms. Kathrine Hudgins, SCDC Policy Op. 21-09 Inmate Records Plan #2-5, 2.6, 2.7 speaks of invalid commitment orders Kirkland R & E wasn't to accept me See April 27th 2009 letter to me from Appellant attorney Ms. Kathrine Hudgins proof invalid sentenceing[sic] order, See 07-GS-17-0363 and See 07-GS-17-0364 Indictments you'll see I never been indicted and see sentencing sheet I never bene given any prison time period.

3

**Ground Three:**

> I am asking the U.S. District Courts federal Judge to please ORDER PCR Court's being they violated Chief Justice T. Woodrow [L]ewis ORDer Release me out of prison out SCDC custody . Discharge case. View Harris v. Champion 938 F.2d 1062[.]
>
>> Supporting facts: Chief Justice J. Woodrow [L]ewis ORDER by Supreme Court effective DATE October 1st 1983 365 days from date of initial complaint to dispose of case the state violated this had enough time to do what they needed to trying to force me to answer to 07-GS-17-0364 Armed Robbery and No Grand Jury ever Indicted me for this See 07-GS-17-0364 Indictment.

**Ground Four:**

> ORDER the prison system to release me they have me held illegally with an invalid commitment order violating SCDC policy Op-21.09 [.]
>
>> Supporting facts: Get S.C.D.C.'s policy Op-21.09 Inmate Records plan look at #2.5, 2.6, 2.7 you'll see about Invalid Commitment order then look at sentenceing[sic] sheet SCDC was not to accept me in there custody I was smuggled into SCDC.

### **Discussion**

The present petition is subject to dismissal because Cabbagestalk is required to pursue his remedies in state court before coming into this Court. Generally, a state prisoner must exhaust his claims in state court by presenting them to the state's highest court before filing his habeas petition in this Court. *See* 28 U.S.C. § 2254(b). This requirement ensures that the state courts have the initial opportunity to review federal constitutional challenges asserted by its inmates and preserves the role of state courts in protecting those constitutionally protected rights. Preiser v. Rodriguez, 411 U.S. 475 (1973). The requirement is not jurisdictional, but is a matter of comity. Granberry v. Greer, 481 U.S. 129 (1987).

In South Carolina an inmate has two primary means of exhaustion. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all grounds which can properly be asserted in that appeal. SCACR 207(b)(1)(B). The second avenue is by filing a PCR application in the Court of Common Pleas. S.C. Code Ann. § 17-27-10 *et. seq*. Pursuant to § 17-27-90, an applicant is required to state all his grounds in his application. Exhaustion of these claims is completed by presenting them to the South Carolina Supreme Court in a petition for writ of certiorari if relief is not granted in the circuit court. The South Carolina PCR process has been found to be an effective means of protecting the constitutional rights of inmates. Patterson v. Leeke, 556 F.2d 1168, 1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

The exhaustion requirement may be excused in certain circumstances–one of which is inordinate delay on the part of the state which renders th PCR process ineffective. *See* Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986) (forty-two month delay excused exhaustion). However, the delay must be attributable to the state's procedures and not the actions of the applicant in order to excuse the delay. Farmer v. Circuit Court, 31 F.3d 219, 222 (4th Cir. 1994) (delay caused by applicant's escape from custody). In the Fourth Circuit, it appears that "the length of delay is not a determinative factor when some of the delay is attributable to [applicant]." Walkup v. Haines, 2005 WL 2428163, *3 (S.D.W.Va. 2005) citing Matthews v. Evatt, 51 F.3d 267, n.*. (4th Cir. 1995) (unpublished).

Cabbagestalk's PCR is proceeding through the state courts on its normal course. He has not shown inordinate delay and he should be required to continue to exhaust his claims in state court. S*ee* Gary v. Bodison, 2010 WL 2195464 (D.S.C.); Mack v. South Carolina, 2010 WL 4961729 (D.S.C.); and McFadden v. Warden, 2011 WL 8108456 (D.S.C.). It is therefore, recommended that

Respondent's motion for summary judgment be **granted**, and the petition be **dismissed** without prejudice.

                                                                      _____
                                                                      Joseph R. McCrorey
                                                                      United States Magistrate Judge

Columbia, South Carolina

July 6, 2012

                        **The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).